**Electronically Filed: May 18, 2020**

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NAJM MOOSAVI GHARAVI,<br><br>Debtor. | Case No.: 20-10478-MKN<br>Chapter 7<br><br>**MOTION TO ABANDON REAL ESTATE**<br><br>Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

Robert E. Atkinson, in his capacity as the Chapter 7 (the "Trustee") of the bankruptcy estate ("Estate") of Najm Moosavi Gharavi ("Debtor"), by and through his counsel, hereby files this *Motion to Abandon Real Estate* ("Motion"), respectfully requesting that the Court grant Trustee permission to abandon real property located in Clark County, Nevada APN 162-02-713-038 and commonly known as 1700 S. Eastern Ave., Las Vegas, Nevada 89104 ("Property").[1]

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket in the above-captioned case. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

This Motion is supported by: the following Memorandum of Points and Authorities; the Declaration of Ryan A. Andersen ("Andersen Declaration") contained herein; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments in support of the Motion during any hearing held on the matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, Trustee consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Section 544(a).

**II. Background**

On January 29, 2020, Debtor filed a voluntary chapter 7 bankruptcy petition, initiating the above-captioned case. ECF No. 1. Also, on January 29, 2020, Trustee was appointed to oversee and administer Debtor's Estate. ECF No. 2. On February 6, 2020, Debtor died.

1. Ownership

Through the decree of divorce of Debtor, the Property was assigned to Debtor, as Debtor's sole and separate property. See Debtor's decree of divorce attached to the Andersen Declaration as Exhibit 1. According to the land records, the Property is still titled in the name of Debtor's former wife, Evelyn Gharavi. See Evelyn Gharavi's deed to the Property attached to the Andersen Declaration as Exhibit 2. Trustee has attempted to contact Evelyn Gharavi to resolve the title discrepancy of the Property. Evelyn Gharavi has yet to respond, so it is unclear whether Evelyn Gharavi would transfer the Property to the Estate, or whether Trustee would have to litigate to resolve this matter.

2. Value, Condition, and Liability

After discovering this potential Estate asset, Trustee, through his counsel, sought a broker's opinion of value ("BOV") to assess the value of the Property. See Andersen Declaration. According to the BOV, the Property is valued at $50,000.00. Based on a visual inspection of the Property, a fire destroyed the Property, leaving it in a state of complete disrepair. See Pictures attached to the Andersen Declaration as Exhibit 3. In turn, the entire structure would need to be demolished and rebuilt, which carries the costs of rebuilding and any necessary rebuilding permits. The Property was originally constructed in 1954, and it is zoned for office use. Due to its age, rebuilding the Property would likely require utility connection upgrades underground. The Property's access point is not on Eastern Avenue, and therefore, a buyer would likely need to seek approval from the planning department to avoid having to make changes to the access point. Given the challenges presented by the Property's condition, if Trustee were to sell the Property and employ the broker, the broker[2] requested an increased commission to list the Property for sale.

In addition to these challenges, Trustee received a Ten (10) Day Notice and Order to Abate Dangerous Building/Demolition dated May 5, 2020 ("Ten-Day Notice") from the City of Las Vegas, regarding the Property. See the Ten-Day Notice, among several other liens the City of Las Vegas' recorded against the Property, attached to the Andersen Declaration as Exhibit 4, on page 32.

Trustee, through his counsel, further investigated the liens recorded against the Property by the City of Las Vegas. As a result, Trustee discovered that the City of Las Vegas had recorded a series of nuisance and abatement liens against the Property, totaling approximately $68,634.50. See Exhibit 4, attached to the Andersen Declaration.

The City of Las Vegas' liens alone strip the Property of any equity, notwithstanding broker's commissions, and costs of closing. Thus, any potential sale by Trustee would not benefit the Estate. For the above reasons, Trustee concludes that no extractible equity exists in the Property and may even be a liability for the Estate.

---

[2] For clarity, Trustee has not employed the broker and does not intend to employ the broker, given his intent to abandon the Property through this Motion.

### III. Legal Argument

Section 544 provides, "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Here, Trustee asserts that both prongs are satisfied, either of which is dispositive.

First, as discussed, the potential litigation to resolve whether the Property belongs to the Estate is a burden to the Estate, especially when considering the condition of the Property. In particular, the dilapidated condition that the Property is currently in means both (i) the Property poses a risk to the general public, and (ii) the Property is not insurable. Combined this poses a considerable risk that liability will accrue. Moreover, the Property has accumulated taxes and penalties, and are all burdensome to the Estate.

Second, as discussed, the Property is of inconsequential value and benefit to the Estate. There is no equity available in the Property for the Estate to capture. Because both prongs of Section 544(a) are satisfied, either of which is dispositive without the other, Trustee asserts that cause exists to abandon the Property.

### IV. Conclusion

For the forgoing reasons, Trustee respectfully requests this Court enter an order, substantially in the form of the proposed order, attached hereto as **Exhibit 1**, that (i) authorizes him to abandon the Property, and (ii) for such other and further relief as is just and proper.

Dated this 18th day of May, 2020.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:    /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Ani Biesiada, Esq.
Nevada Bar No. 14347
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109

*Counsel for Robert E. Atkinson, Trustee*

# Exhibit 1

# Exhibit 1

# Exhibit 1

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NAJM MOOSAVI GHARAVI,<br><br>Debtor. | Case No.: 20-10478-MKN<br>Chapter 7<br><br>**ORDER APPROVING MOTION TO ABANDON REAL ESTATE**<br><br>Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

The Court, having considered the *Motion to Abandon Real Estate* ("Motion") filed by Robert E. Atkinson, in his capacity as the Chapter 7 (the "Trustee") of the Bankruptcy Estate of Najm Moosavi Gharavi ("Debtor"), having considered the Declaration of Ryan A. Andersen, Esq. submitted in support of the Motion; having conducted a hearing on the Motion on shortened time, with Ryan A. Andersen, Esq. of Andersen Law Firm, Ltd. appearing on behalf of Trustee; and having stated its findings of facts

and conclusions of law on the record at the conclusion of such hearing, pursuant to Fed. R. Bankr. P. 7052, made applicable hereto by Fed. R. Bank. P. 9014, such findings of facts and conclusions of law incorporated herein by this reference;

**NOW THEREFORE**, for the reasons stated in the Motion and for the reasons stated on the record, the Court hereby **ORDERS** as follows:

Good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that Trustee is hereby authorized pursuant to 11 U.S.C. § 544(a) to abandon the real property located in Clark County, Nevada APN 162-02-713-038, and commonly known as 1700 S. Eastern Ave., Las Vegas, Nevada 89104, with such abandonment effective upon entry of this order; and

**IT IS FURTHER ORDERED** that the Court has and will retain jurisdiction to enforce this Order in accord with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By: /s/ Ryan A. Andersen
    Ryan A. Andersen, Esq.
    Nevada Bar No. 12321
    Ani Biesiada, Esq.
    Nevada Bar No. 14347
    101 Convention Center Drive
    Suite 600
    Las Vegas, Nevada 89109

*Counsel for Robert E. Atkinson, Trustee*

**LR 9021 CERTIFICATION**

In accord with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of May, 2020.

    Respectfully submitted by:

    **ANDERSEN LAW FIRM, LTD.**

    By:   /s/ Ryan A. Andersen
           Ryan A. Andersen, Esq.
           Nevada Bar No. 12321
           Ani Biesiada, Esq.
           Nevada Bar No. 14347
           101 Convention Center Drive
           Suite 600
           Las Vegas, Nevada 89109

    *Counsel for Robert E. Atkinson, Trustee*

# # #